UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY LEE MUTSCHLER,

 Petitioner,

v.

COMMONWEALTH OF PA, et al.,

 Respondents.

Case No. 3:12-CV-0004

(Judge Kosik)

## MEMORANDUM

Petitioner, Tony Lee Mutschler, a Pennsylvania state inmate, initiated this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner alleges that his rights were violated because of the medical treatment he received as a Pennsylvania state prisoner for a serious medical condition. (*Id.*). On April 11, 2012, Magistrate Judge J. Andrew Smyser filed a Report and Recommendation ("R&R") recommending that we dismiss the habeas petition because the Petitioner has not presented claims which are cognizable in a habeas corpus action. (Doc. 20). Petitioner filed objections to the R&R of the Magistrate Judge on May 2, 2012. (Doc. 21).[1] For the reasons that follow, we will adopt the R&R of the Magistrate Judge and will dismiss the habeas petition because Petitioner has failed to present a cognizable habeas corpus claim. We have jurisdiction over this matter pursuant to 28 U.S.C. § 2254.

### Background & Procedural History

Petitioner originally plead guilty to twenty-seven (27) counts, including, but not limited to, burglary, receiving stolen property, theft, and criminal trespass. (Doc. 1).

---

[1] The Petitioner filed a document entitled "Motion to Appeal to the Above Caption Case Under Rule 72.2 De Novo Grounds Set Forth Below" (sic) on May 2, 2012. (Doc. 21). Local Rule 72.2 concerns appeals to the district court from non-dispositive orders of magistrate judges. LR 72.2. Local Rule 72.3 concerns objections to a magistrate judge's report and recommendation addressing case dispositive motions. LR 72.3. The document is captioned for the United States District Court, Middle District of Pennsylvania. (Doc. 21). This document raises Petitioner's objections to Magistrate Judge Smyser's R&R but was incorrectly docketed as an appeal to the Third Circuit Court of Appeals. (*See* Doc. 21, 22).

Petitioner was sentenced to ten (10) to twenty (20) years of incarceration and ten (10) years of special probation. *Id.* According to Petitioner's habeas petition, he is being held in violation of the Constitution, laws or treaties of the United States because he experienced multiple rights violations regarding medical treatment he received at the State Correction Institution in Albion, Pennsylvania ("SCI-Albion"). The Petition was transferred from the United States District Court for the Western District of Pennsylvania, where it was filed by Petitioner, because Petitioner was prosecuted in Northumberland County, which lies in this district. (*See* Doc. 5). On February 28, 2012, Petitioner also filed a Motion for Order for Release. (Doc. 14). This motion will be denied as moot based on our denial of Petitioner's habeas petition.

The Respondents filed their Answer to Petition for Writ of Habeas Corpus on March 14, 2012. (Doc. 18).[2] In their answer, Respondents argue that we should dismiss the petition because the Petitioner failed to exhaust state court remedies, because conditions of confinement are not properly raised in habeas corpus petitions, and because the statute of limitations has run. (*Id.*). On April 11, 2012, the Magistrate Judge issued an R&R recommending that the Petition for Writ of Habeas Corpus be dismissed because Petitioner's claims were not cognizable as habeas corpus claims. (Doc. 20). Petitioner objected essentially arguing that he has shown constitutional violations so his claims should move forward. (Doc. 21).

## Standards of Review

### I. Petitioner's Objections to the Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written

---

[2]The docket report shows that Respondents have an outstanding motion by Attorney Raymond Dorian to withdraw as counsel for the Pennsylvania Department of Corrections and SCI-Albion. (Doc. 19). The docket report also shows that Attorney Ronald W. Chadwell has filed a Notice of Appearance on behalf of the Pennsylvania Department of Corrections and SCI-Albion. (Doc. 17). As such, the motion to withdraw as counsel will be granted.

objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. Habeas Corpus

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-8; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

### Discussion

Respondents argue that the Petition should be dismissed because the Petitioner did not present his claims initially to the Pennsylvania state courts, because a claim involving conditions of confinement is not correctly litigated in the framework of a 28 U.S.C. § 2254 habeas corpus petition, and because the petition is untimely. (Doc. 18). While all of these grounds appear to have merit, we agree with the Magistrate Judge and will dismiss the petition "because it seeks release from confinement under 28 U.S.C. § 2254 as a remedy for allegedly unconstitutional conditions of confinement and because such relief is not available to him through a habeas corpus petition." (Doc. 20, p. 2).

A habeas corpus petition can only be used to challenge the validity of the continued conviction or the fact or length of the sentence. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). The "critical initial question in determining whether habeas or § 1983 is appropriate is whether the claim truly lies 'at the intersection.' It does if – but only if – the claim would

necessarily imply the invalidity of a conviction." *Id.* In *Leamer*[3], the Third Circuit Court of Appeals considered Supreme Court jurisprudence[4] and held:

> whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; it would not be properly brought under habeas at all. Conversely, it was properly brought under § 1983.

*Id.* at 544. A challenge to a condition of confinement that would end in a finding in plaintiff's favor that would not alter his sentence or undo his conviction is appropriately brought under § 1983. *Id.* at 542.

In the current action, Petitioner is complaining of the treatment he has received as a Pennsylvania state prisoner. Though we are sympathetic to the Petitioner if his allegations are true, his claim is not properly brought under habeas corpus. This action does not involve a challenge to the validity of his continued conviction or the fact or length of his sentence. Even if this case were to move forward and we found in Petitioner's favor, the remedy would not undo his conviction or alter his sentence. Petitioner's claims are conditions of confinement

---

[3]*Leamer v. Fauver*, 288 F.3d 532, was explained in another Third Circuit opinion, *McGee v. Martinez*, 627 F.3d 933:

The petitioner in *Leamer* was a state prisoner whose behavioral problem had led to his placement on "Restricted Activities Program" status, which barred him from attending therapy sessions that were a condition precedent to his parole eligibility. [The Third Circuit Court of Appeals] concluded that, even though a ruling in the petitioner's favor would have assisted him in obtaining parole eligibility and thus a shorter prison stint, the action was "aimed at a condition of his confinement." Where the petition is couched as a challenge to the duration of a prisoner's sentence, we held, "[t]he operative test...is not whether Leamer would, if successful, be able to appear before the Parole Board. It is whether a favorable determination of Leamer's challenge would *necessarily imply* that he would serve a shorter sentence..."

*McGee*, 627 F.3d 933, 936 (3d Cir. 2010) (internal citations omitted).

[4]The Third Circuit Court of Appeals considered the Supreme Court cases of *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997); and *Spencer v. Kemna*, 523 U.S. 1 (1998).

claims which are within the scope of 42 U.S.C. § 1983.[5] We do not consider the other arguments raised by Respondents since Petitioner has not presented claims that are cognizable as habeas corpus claims.

  Petitioner's objections to the R&R do not persuade us to allow this case to go forward. In his objections, he argues that he has made a sufficient showing that his constitutional rights have been violated so that his petition should proceed. While he has made a sufficient showing that his constitutional rights may have been violated, that is not what is at issue with his claim. He has not stated a proper, cognizable habeas claim, and as such, his petition will be dismissed. His arguments in paragraphs 8 and 9 of his objections are not persuasive, or relevant to the issue at hand. (*See* Doc. 21).[6] Petitioner also argues that his claim on "grounds 4" was never a claim in his § 1983 action, so that claim should be allowed to proceed. Again that claim, involving Petitioner being left in a urine soaked diaper and not given tools for his hygiene, is not properly brought under a habeas petition since it is a condition of confinement claim. Finally, in his objections, Petitioner references Magistrate Judge Susan Paradise Baxter's Opinion and Order, (Doc. 29, Civil Action No. 09-265 Erie in the Western District of Pennsylvania), wherein the Magistrate Judge informs Petitioner that release from custody is a "type of relief only available to him in a federal habeas action pursuant to 28 U.S.C. § 2254 and only upon a showing that his judgment of sentence is unconstitutional." (internal citations

---

[5]We note that a review of the Western District of Pennsylvania's docket reveals that Petitioner has filed a § 1983 action challenging his conditions of confinement and that claim is ongoing. (No. 1:09-cv-00265-SPB).

[6]Petitioner cites *US v. Robertson,* 861 F. Supp. 1031 (W.D. Ok. 1994), a case which concerns a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 based on the defendant in that case challenging his conviction and consecutive sentence and the legality of a carjacking statute. Petitioner also cites *Haywood v. US,* 216 F. Supp. 2d 725 (N.D. Ill. 2002), which also concerns a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 based on the defendant in that case challenging the use of minor counts for a continuing criminal enterprise violation, jury instruction errors, jury consideration and verdict errors, resulting prejudice, sentences that exceeded the statutory maximum, etc.

omitted). This reference by the Magistrate Judge is a proper statement of law that appears to be meant only as clarification for Petitioner that he cannot seek release from custody in a § 1983 action. Even if Magistrate Judge Susan Paradise Baxter were advising Petitioner to pursue a habeas corpus action, he has not properly done so in this action.

## Conclusion

The Petition for Habeas Corpus will be dismissed because Petitioner has failed to state a cognizable claim.